**BANGOR & AROOSTOCK RAILROAD COMPANY et al., Plaintiffs,**

v.

**BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN, Defendant.**

**BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN, Plaintiff,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY et al., Defendants.**

**Civ. A. Nos. 777–66, 784–66.**

United States District Court
District of Columbia.
March 17, 1969.

Pacific Railway Company and the Spokane, Portland and Seattle Railway Company must man with firemen all runs of freight trains which had been manned with firemen on the date on which Award 282 expired.

A brief reference to the basic facts may be helpful. Arbitration Board 282, acting pursuant to a Joint Resolution of Congress, held that firemen were no longer needed on freight trains operated by Diesel power, except to the extent of ten per cent of the runs. Passenger trains were not in issue because on freight trains there had previously been three men in the cab, the third man being a brakeman, whereas on passenger trains there were only two men in the cab, namely the engineer and the fireman, and admittedly two men were needed. In order not to create mass unemployment, however, and possibly having in mind the history of the Industrial Revolution and the tragedies that happened in its wake, the Board protected the employment of firemen who had more than two years, seniority. We need not go at this moment into the details of those particular measures. The Award expired by its terms and operation of law in two years' time. This Court held that no steps under the Award could be taken after the expiration date; namely, that no more firemen could be discharged or offered comparable positions pursuant to its terms.

Francis M. Shea, and Richard T. Conway, Washington, D. C., for Bangor & Aroostock R. Co.

Isaac N. Groner, Washington, D. C., for the Brotherhood of Locomotive Firemen & Enginemen.

Francis M. Shea, Washington, D. C., for The Atchison, Topeka and Santa Fe R. Co.

## OPINION

HOLTZOFF, District Judge.

The Court has before it a motion by the defendant, Brotherhood of Locomotive Firemen and Enginemen, for certain relief to implement and effectuate Award 282 which has been the subject matter of this long litigation. This motion is being treated by the Court as an application at the foot of the decree, as similar motions by various parties to the litigation have been treated from time to time. The specific relief asked for is a declaration and a mandatory requirement that two carriers, the Northern

The present controversy arises out of the fact that the so-called Full Crew Laws in certain States prevented some of the railroads from taking full advantage of Award 282 and discharging some of the firemen. There was a debatable question whether Award 282, being made pursuant to the Joint Resolution of Congress, superseded state Full Crew Laws. This question was resolved by the Supreme Court, however, to the effect that the Full Crew Laws were not superceded by congressional action and the Award of the Board under it.[1]

---

1. Brotherhood of Locomotive Engineers v. Chicago, R. I. & P. R. Co., 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501.

A second question arose whether after the repeal of the Full Crew Laws the carriers could take advantage of Award 282 and discharge those firemen whom they would have been able to discharge during the effective period of the Award were it not for the Full Crew Laws. This Court and the Court of Appeals answered this question in the negative; namely that the carriers just lost those rights.[2] It must be remembered in this connection that the Award was a compromise between the finding that firemen were no longer necessary on Diesel engines and the purpose to protect thousands of men from being immediately deprived of employment, which would have been a tragedy for numerous families and would have been undesirable for the economy of the country. Naturally, along the fringes of this compromise, so to speak, there will be some arbitrary distinctions to be made. We reached the conclusion, therefore, that Award 282 created a new plateau and a new status[3] as of the date of its expiration and that status could be changed only by mutual agreement of the parties or by proceedings under the Railway Labor Act initiated by notices under Section 6 of that statute.

It was claimed before this Court on this motion by the two carriers involved that the status has been changed by agreements between the parties. In order to determine whether this is the case it is necessary to consider the agreements in some detail. The Court will consider each of the two separately.

■ The agreement between the Brotherhood and the Spokane, Portland and Seattle Railway Company is dated December 8, 1966. It is supplemented by a more detailed agreement in the form of a letter from the Chief of Personnel of the railway to the General Chairman of the Brotherhood dated October 2, 1967. It is further supplemented by the agreement dated February 28, 1968, and again

by a supplemental agreement dated March 1, 1968, then by a letter dated November 15, 1968, and finally by an agreement dated December 27, 1968. The detailed terms of the agreement are set forth in the letter of October 2, 1968. In addition to making provisions relating to seniority of firemen, which are not relevant to this discussion, the agreement lists all assignments to the freight and yard service that were still being manned by firemen in the States of Washington and Oregon, which were two of the States that had Full Crew Laws. The agreement purports to be complete on its face. The Court construes it to mean that all assignments enumerated in the agreement must continue to be manned by firemen, but none others.

■ A somewhat different situation presents itself in connection with the agreement between Northern Pacific Railway Company and the Brotherhood. Here again we are confronted with detailed agreements concerning positions of firemen on freight trains. This agreement differs from that with Spokane, Portland and Seattle Railway Company. It is concerned principally with the rights of seniority of firemen. It does not clearly and unequivocally affect the list of runs that were manned by firemen at the time when Award 282 expired and therefore does not affect the question here involved.

The Court reaches the conclusion that insofar as the Spokane, Portland and Seattle Railway Company is concerned no relief should be awarded to the Brotherhood except continuation of the requirement that the runs listed in that agreement should continue to be manned with firemen. As to the agreement between the Northern Pacific Railway Company and the Brotherhood the number of the runs that must be manned by firemen is not affected and therefore the railroad

---

2. Bangor & Aroostock R. Co. v. Brotherhood of Locomotive Firemen & Engineers, 253 F.Supp. 682.

3. Akron & Barberton Belt R. Rd. Co. v. Brotherhood of R. Rd. Trainmen, 250 F. Supp. 691; 128 U.S.App.D.C. 59, 385 F.2d 581.

must continue to man with firemen every run that was so manned at the time of the expiration of Award 282.

The Court will make an order effectuating those two conclusions.